## Commonwealth v. Clodoveo

*L. Ehrman Meyer*, for Commonwealth.
*Christian R. Gingrich*, for defendant.

EHRGOOD, P. J., April 6, 1943.—This matter comes before the court on a writ of certiorari. Defendant, Raymond Clodoveo, was arrested before Amos Snavely, justice of the peace, of Palmyra, Pa., on information made by Crawford H. Simmers, inspector of weights and measures of the County of Lebanon, alleging that on September 30, 1942, defendant did unlawfully sell to one Mrs. Wilmer Grubb certain heads of cabbage, to wit, one basket weighing 38 pounds, which he represented to be one bushel, and one basket weighing 37½ pounds, which he represented to be one bushel, knowing at the time of sale that the weight fixed by the Act of April 27, 1925, P. L. 325, regulating the weights of commodities, fixed the weight of cabbage at 50 pounds per bushel. Section 6 of the said act of assembly provide that, whenever any commodity named in this section shall be sold by bushels, the bushel shall consist of the number of pounds therein stated; and further, that at the time and place aforesaid, namely, Annville Township, Lebanon County, Pa., on Septem-

ber 30, 1942, defendant in selling the aforesaid two bushels of cabbage did violate section 2 of the Act of May 28, 1937, P. L. 1007, providing that when fruits and vegetables are sold in any other manner than in original unbroken standard containers such sales shall be lawful only if made by weight or numerical count, and in no other manner whatever; and alleging that defendant failed to sell the commodity in original unbroken standard container or by weight or numerical count.

After hearing held by the justice of the peace, a conviction and judgment of guilty was entered by the justice of the peace as follows:

". . . therefore, it manifestly appears to the said justice that the said Raymond Clodoveo is guilty, and is accordingly convicted of the offense of violating the provision of said section 6, as charged against him in the above information. And the said justice does hereby judge that the said Raymond Clodoveo for the said offense shall forfeit and pay a fine of Twenty-five Dollars ($25.00) and costs of Nine and 90/100 Dollars, ($9.90) as provided in section 8 of the original Act of July 24th, 1913, P. L. 965, as amended. Said fine to be to the use of the County of Lebanon."

No verdict or judgment was entered by the justice on the second charge in the information alleging violation of the provisions of the Act of 1937. Therefore, the only question before this court for determination is whether the uncontradicted evidence produced by the Commonwealth and defendant was sufficient to make out the offense alleged to have been committed under the Act of 1913, as amended by the Act of 1925. From the transcript of the justice of the peace the following appears to be the evidence upon which the judgment of guilty was entered, and fine imposed.

On September 30, 1942, Mrs. Grubb called defendant on the telephone and stated that she desired to buy cabbage by weight. Defendant refused to sell cabbage

by weight, but agreed to sell the same by the bushel. Mrs. Grubb then called defendant, at his farm; and bought two baskets of cabbage at $1 per basket. She later weighed the cabbage and found that one basket weighed 38 pounds, and the other basket 37½ pounds. It further appeared that defendant also told her that the only place he sold cabbage by weight was to the United States Government at Indiantown Gap. Further, the baskets were full but were not sealed packages. And when she asked to have the cabbage weighed, defendant refused and insisted upon sale by the basket. The basket used in the sale contained a United States stamp on it and the testimony indicates it was the kind of basket used in the measuring of cabbage. It was also stipulated between the district attorney, representing the Commonwealth, and C. R. Gingrich, Esq., attorney for defendant, that additional testimony had been produced and should be considered by this court, namely, that the cabbage sold to Mrs. Grubb was grown by defendant, and that the baskets in which the cabbages were sold were the original containers employed in marketing the same. The Act of July 24, 1913, P. L. 965, as amended by the Act of 1925, under which the prosecution was brought, provides, inter alia, as follows:

"whenever any commodity named in this section shall be sold by the bushel, the bushel shall consist of the number of pounds herein stated [cabbage, 50 pounds] . . .; Provided, That when any fruits or vegetables named in this section are sold in Pennsylvania standard containers, which are the original packages and are filled in accordance with good commercial practices, such fruits and vegetables shall be exempt from the provisions of this section".

As before stated, inasmuch as the judgment of guilty was imposed by the justice and the fine imposed was for the violation of this act of assembly, it appears to this court that the judgment of guilty and

fine imposed by the justice of the peace was in error. The fine was imposed under section 2 of the Act of May 19, 1923, P. L. 278, which amended the Act of July 24, 1913, P. L. 965, providing that every person who shall violate any of the provisions of this act shall be guilty of a misdemeanor and upon conviction therefor before any alderman, magistrate, or justice of the peace of the proper county shall be, for the first offense, fined not more than $25. Under the evidence produced before the justice, defendant not only raised the cabbage sold, but also sold the same in bushel basket containers, containing the stamp of the United States Government, and the cabbage was sold in the original packages. The proviso contained in the Act of 1925, above referred to, provides that when the vegetables are sold in Pennsylvania standard containers, which are original packages, and are filled in accordance with good commercial practice, such vegetables shall be exempt from the provisions of said act. The testimony indicates that the original packages were full when sold, from which the court finds that they were filled in accordance with good commercial practice.

There is no evidence in this case to indicate that defendant was in any way trying to mislead the purchaser. Nor does it appear that the original containers were not properly filled, but the reason for the prosecutions being brought was the fact that the cabbages themselves were loosely grown and did not contain the weight which well-grown cabbages should have. The purchaser had the opportunity of inspecting the quality of cabbage which she was buying.

And now, to wit, April 6, 1943, the conviction and judgment of defendant by the justice of the peace is hereby set aside. Inasmuch as the prosecutor is the sealer of weights and measures of the County of Lebanon, and the prosecution was brought in good faith in the exercise of the performance of his official duties,

the cost of this prosecution is directed to be paid by the County of Lebanon.